## No. 14,044.

IN THE MATTER OF THE ADJUDICATION OF PRIORITIES OF
WATER RIGHTS IN WATER DISTRICT NO. 1.
KLUG v. IRELAND.
(64 P. [2d] 131)

Decided December 31, 1936.

Mr. J. EMERY CHILTON, for plaintiff in error.

Mr. GAIL L. IRELAND, for defendant in error.

*In Department.*

MR. JUSTICE BURKE, sitting for MR. CHIEF JUSTICE
CAMPBELL, delivered the opinion of the court.

THIS was a statutory adjudication for the settlement of
priorities to water for irrigation. These parties appear
here as in the trial court. For convenience we refer to
them as Klug and Ireland respectively.

■ The question here presented, and the only one raised by the assignments, is the correct date of Klug's priority for his reservoir No. 3. This the court fixed as of December 13, 1921. He contends it should have been July 6, 1918. The question is solely one of evidence. Klug says that on July 6, 1918, he decided to build his reservoir. Thereafter he had a survey made and filed his map and statement of claim September 9, 1919. On April 7, 1920, he contracted with Ireland, then the owner, for the purchase of the land on which to build, paying $100, and in the fall of that year surveyed his outlet ditch. Other work consisted principally in unsuccessful attempts to raise money. Said $100 was on a total of $4,800. Other payments under that contract were never made. December 13, 1921, an entirely new contract was entered into which took no note of the former payment. There is evidence that actual work of construction thereunder did not begin until the late spring of 1922. There is also evidence that on July 1, 1920, Klug told Ireland to keep the $100 as he did not intend to complete the deal. Other conflicting evidence need not be recited. Enough has been set forth to show ample justification for the date fixed by the trial court under the well recognized rule that diligence must be shown from inception to completion. *Holbrook Irr. Dist. v. Ft. Lyon Canal Co.,* 84 Colo. 174, 269 Pac. 574. What constitutes diligence depends upon the facts of each particular case. *Conley v. Dyer,* 43 Colo. 22, 28, 95 Pac. 304. Trivial labor and expenditures will not carry the appropriation back by relation to the first substantial act of the appropriator for its acquisition. *Fruitland Irr. Co. v. Kruemling,* 62 Colo. 160, 162 Pac. 161. Moreover, the record affords ample justification for the conclusion that on July 1, 1920, Klug had abandoned all intention of prosecuting the work under his contract of April 7, 1920, and that conclusion is reinforced by his new contract of December 13, 1921.

The judgment is accordingly affirmed.

MR. JUSTICE HILLIARD and MR. JUSTICE HOLLAND concur.